MART HUDNALL V. THE STATE.

No. 11373. Delivered February 22, 1928.

**Exhibiting Indecent Picture—Information—Without Innuendo Averment—Insufficient.**

Where an information charged that appellant exhibited on his automobile a picture of a rooster with the word "wagon" written to the right of said picture, conveying the information that said motor vehicle was a cock wagon, without further innuendo averment, charged no offense. Without an innuendo averment which makes its obscene and indecent meaning plain, this court cannot judicially know that it would be so interpreted by youths.

Appeal from the County Court at Law of Wichita County. Tried below before the Hon. C. M. McFarland, Judge.

Appeal from a conviction for exhibiting an obscene picture on an automobile, penalty a fine of $1.

The opinion states the case.

*W. E. Beall* and *Hayser & Hicks,* of Wichita Falls, for appellant. On innuendo allegations, appellant cites: Abendroth v. State, 30 S. W. 787, and Edwards v. State, 85 S. W. 797.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—An information was filed against appellant alleging the unlawful making, publishing and printing of an indecent picture, penalty a fine of one dollar, the part of which under attack is as follows:

"The said Mart Hudnall did then and there drive and operate a motor vehicle along the public streets of the City of Burkburnett, Texas, in view of people on said street on each side of which vehicle were printed and drawn a picture of a rooster with the word 'Wagon' written to the right of said picture, conveying the information and impression that said motor vehicle was a cock wagon."

It is claimed that this information is insufficient under Art. 526 of the Penal Code to charge an offense.

The evidence shows that on the back of the car was written "Chase me chickens, front full of corn." The appellant was a boy and he testified that another put the pictures on the car and that it was done in sport.

The indictment contains no innuendo averment setting out wherein the picture or language was indecent and obscene. The word "cock," according to modern lexicographers, has many meanings but none of them seem to be indecent or obscene. One of these definitions, according to Webster's International Dictionary, is: "The male of birds." Without some explanatory averment, we do not think the information is sufficient. Abendroth v. State, 34 Tex. Crim. Rep. 325; Edwards v. State, 47 Tex. Crim. Rep. 611. If in common parlance the picture and language had a vulgar meaning, the same should have been set out. We do not feel authorized to say that this court without any innuendo averment which makes it obscene and indecent meaning plain can judicially know that it would be interpreted by you as claimed by the state.

Believing that the information is insufficient, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.